PER CURIAM.'
Appellees purchased property against which there was a recorded lien and then brought suit to quiet title and discharge the lien. The trial court granted a summary judgment for appellees, and the state brought this appeal. We reverse.
In 1966 James Wright applied for old age assistance benefits and gave the Department of Public Welfare, the Department of Health and Rehabilitative Services’ predecessor, a lien on non-homestead property. The affidavit of lien shows that the lien was given for monetary consideration in that Wright would not otherwise have been eligible for public assistance payments. Appellees contend that the enactment of § 409.305, Fla.Stat. (1967), which provided that the state could collect the debt incurred by the acceptance of public assistance only by filing a claim against the recipient’s estate, invalidated the recorded lien. We disagree.
The statute, now found at § 409.345, Fla. Stat. (1977), relates to probate and is not applicable where there was an existing voluntary lien which was executed and recorded prior to the effective date of the statute.
Accordingly, we reverse the summary judgment and remand for further proceedings consistent with this opinion.
McCORD, Acting C. J., and BOOTH and SHIVERS, JJ., concur.